IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| OSSIE O. McCAULEY, III | ) | |
| | ) | |
| v | ) | Civil Action No. |
| | ) | 3:04cv938-MHT-WC |
| UNITED STATES OF AMERICA | ) | (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a second 28 U.S.C. § 2255 motion by Ossie O. McCauley III ("McCauley") to vacate, set aside, or correct the sentence imposed after he successfully moved to vacate his original sentence.

**I.  PROCEDURAL HISTORY**

On April 15, 1994, a jury found McCauley – one of 15 codefendants in a 28-count indictment – guilty of conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846; distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1); and using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  On June 24, 1994, the district court sentenced McCauley to 229 months' imprisonment.  McCauley appealed, and on January 21, 1997, the Eleventh Circuit affirmed his convictions and sentence.  *See United States v Trammell*, 107 F.3d 23, *rehearing denied en banc*, 122 F.3d 1080 (11th Cir. 1997) (unpublished opinion, No. 94-6389).

In January 1998, McCauley filed a § 2255 motion challenging his sentence.  (Doc. No. 639 - Case No. 3:94cr25.)  On August 12, 1999, this court granted McCauley's motion

and vacated his sentence. *See Aug. 12, 1999, Order of District Court* (Doc. No. 766 - Case No. 3:94cr25), *Adopting Jul. 26, 1999, Recommendation of Magistrate Judge* (Doc. No. 763 - Case No. 3:94cr25).

On March 27, 2000, following a resentencing hearing involving additional evidence, the district court resentenced McCauley to life imprisonment. *See Order of District Court* (Doc. No. 815 - Case No. 3:94cr25) and *Amended Judgment* (Doc. No. 816 - Case No. 3:94cr25). McCauley then appealed the resentencing. On August 8, 2001, the Eleventh Circuit affirmed in part and reversed in part, vacating McCauley's life sentence because he had been resentenced without the benefit of the intervening rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and remanding for a second resentencing. *See United States v. Davis*, 273 F.3d 396 (11th Cir. 2001) (unpublished opinion, No. 00-11608). In all other respects, however, the appellate court found no merit in McCauley's arguments on appeal from the resentencing. *Id*.

On remand, the district court resentenced McCauley to a total of 350 months' imprisonment, consisting of 240 months for the conspiracy count, 50 months for the distribution count, and 60 months for the firearm count, to run consecutively. *See Mar. 27, 2002, Amended Judgment* (Doc. No. 911 - Case No. 3:94cr25). McCauley again appealed his resentencing, and on May 8, 2003, the Eleventh Circuit affirmed the new sentence. *See United States v. Davis*, 329 F.3d 1250 (11th Cir. 2003). McCauley then petitioned the United States Supreme Court for a writ of certiorari, which was denied on October 6, 2003. *See Davis v. United States*, 540 U.S. 925 (2003) (No. 03-5748).

On October 3, 2004,[1] McCauley filed this § 2255 motion (Doc. No. 1), in which he argues the following:

1. The district court violated his Sixth Amendment rights, as set forth in *Blakely v. Washington*, 542 U.S. 296 (2004), by enhancing his sentence on the basis of judge-made findings and by imposing consecutive sentences.

2. The district court violated the Eighth Amendment prohibition against cruel and unusual punishment by imposing consecutive sentences.

3. He received ineffective assistance of counsel during the second resentencing proceedings and the subsequent appeal.[2]

The government responds that McCauley is entitled to no relief because his claims are either procedurally barred or without merit. (Doc. No. 8.) McCauley was afforded an opportunity to respond to the government's submission and has done so. (Doc. No. 10.) After careful consideration of the § 2255 motion, the submissions supporting and opposing the motion, and the record in this case, the Magistrate Judge concludes that an evidentiary hearing is not required and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

---

[1] Although the motion was date-stamped "filed" in this court on October 5, 2004, under the "mailbox rule," the court deems the motion filed on the date McCauley delivered it to prison authorities for mailing, presumptively, October 3, 2004, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] Some of McCauley's claims overlap, are repetitious, or are not presented in a clear and logical fashion. For organizational and analytical purposes, the court has recast some of his claims in a more appropriate presentation.

## II. DISCUSSION

**A.    Substantive Claims**

*1.    The* Blakely *Claim*

McCauley contends that the district court violated his Sixth Amendment rights, as set forth by the Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004), by enhancing his sentence on the basis of judge-made findings regarding his managerial role in the conspiracy and possession of a firearm and by imposing consecutive sentences. (Doc. No. 1 at 4-8 and 12-15.)

In *Blakely*, the Supreme Court held that the right to jury trial under the Sixth Amendment applies to all issues of fact, other than a defendant's prior convictions, which, if resolved against the defendant, would subject the defendant to a higher sentence. 542 U.S. at 303. Accordingly, except for the fact of a prior conviction, any fact increasing the penalty for a crime must be admitted by the defendant or submitted to a jury and proved beyond a reasonable doubt. *Id*. In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court expressly applied *Blakely*'s reasoning to the Federal Sentencing Guidelines and held that, in order to pass constitutional muster, the federal guidelines must be considered as advisory rather than mandatory. 543 U.S. at 258-59.

Both *Blakely* (decided June 24, 2004) and *Booker* (decided January 12, 2005) were

decided after McCauley's conviction became final (October 6, 2003).[3] The Eleventh Circuit Court of Appeals has held that neither *Blakely* nor *Booker* is retroactively applicable to cases on collateral review. *Varela v. United States*, 400 F.3d 864, 866-67 (11th Cir. 2005); *see In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005); *In re Dean*, 375 F.3d 1287 (11th Cir. 2004). Accordingly, McCauley is not entitled to relief based on any Sixth Amendment claim that may arise under the holdings of *Blakely* and *Booker*.

### 2. *Eighth Amendment Violation*

McCauley contends that the district court violated the Eighth Amendment prohibition against cruel and unusual punishment when it imposed consecutive sentences pursuant to U.S.S.G. § 5G1.2(d).[4] (Doc. No. 1 at 8-13.)

A defendant raising an Eighth Amendment claim has the burden of showing that the

---

[3] A conviction is final on the day the Supreme Court denies a convicted defendant's certiorari petition or renders a decision on the merits). *See Washington v. United States*, 243 F.3d 1299, 1300-01 (11th Cir. 2001)

[4] On appeal from his second resentencing, McCauley asserted that the district court abused its discretion by imposing consecutive sentences pursuant to U.S.S.G. § 5G1.2(d) because, McCauley argued, (i) the Sentencing Guidelines require the court to impose a concurrent sentence where the total punishment on the § 841 count is less than or equal to the highest statutory maximum and (ii) the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), prohibits the total term of imprisonment from exceeding the sentencing guideline range for any count of conviction. *See United States v. Davis*, 329 F.3d 1250 (11th Cir. 2003). However, McCauley did not expressly argue to the appellate court that the district court's imposition of consecutive sentences amounted to cruel and unusual punishment under the Eighth Amendment. Because this court concludes that McCauley's Eighth Amendment claim is without merit, the court pretermits discussion of the question whether the claim is procedurally barred from review in this § 2255 proceeding. *See Stano v. Butterworth*, 51 F.3d 942, 977 (11th Cir. 1995).

sentence imposed is "grossly disproportionate" to the crime. *See United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006). "In general, a sentence within the limits imposed by statute is neither excessive nor cruel and unusual under the Eighth Amendment." *United States v. Moriarity*, 429 F.3d 1012, 1024 (11th Cir. 2005) (internal quotation marks omitted); *see also Johnson*, 451 F.3d at 1243.

U.S.S.G. 5G1.2(d) provides that, where there are multiple counts of conviction,

> [i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment.

McCauley's sentencing range under the Sentencing Guidelines was 324 to 405 months' imprisonment. However, the statutory maximum sentence for each of the two drug counts for which he was convicted was 20 years, and the statutory maximum for the firearm count was 5 years. *See* 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 924(c)(1). In order to satisfy the minimum total punishment mandated by the guidelines, the district court imposed a total sentence of 350 months, consisting of 240 months' imprisonment for the conspiracy count, 50 months' imprisonment for the distribution count, and 60 months' imprisonment for the firearm count, to be served consecutively. Thus, the district court fully complied with the requirements of U.S.S.G. 5G1.2(d) by imposing consecutive sentences on multiple counts of conviction. *See United States v. Davis*, 329 F.3d 1250, 1253-54 (11th Cir. 2003).

Because the district court sentenced McCauley within the limits imposed by the

relevant statutes and guidelines, McCauley has not made a threshold showing of disproportionality with respect to his sentence.  *See Moriarity*, 429 F.3d at 1024; *see also Johnson*, 451 F.3d at 1243.  Accordingly, he is not entitled to any relief based on his claim that the district court's imposition of consecutive sentences violated the Eighth Amendment.

**B.      Ineffective Assistance of Counsel Claims**

*1.       Standard of Review for Ineffective Assistance*

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.  To succeed on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test set  by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984).  The *performance* prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id*. at 687-89.  The *prejudice* prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense.  *Id*. at 687.

Under the performance component of the *Strickland* inquiry, a movant must establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."  *Id*.  In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance.  *Roe v.*

*Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see Strickland*, 466 U.S. at 689. Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel *at the time of the representation*." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992) (emphasis in original); *see Strickland*, 466 U.S. at 690.

Under the prejudice component of *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice component of *Strickland* focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *Id*. at 687. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

Unless a movant satisfies the showings required on both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, once a court decides that one of the requisite showings has not been made, it need not decide whether the

other one has been. *Id*. at 697 (A court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one."); *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 2.  *Ineffective Assistance: Failure to Request New Trial*

McCauley contends that the attorney who represented him during the second resentencing proceedings rendered ineffective assistance of counsel by allowing him to be resentenced following remand by the Eleventh Circuit rather than requesting and obtaining a new trial. (Doc. No. 1 at 2-3 and 7-8; Doc. No. 10 at 1-5.)

As indicated above, the Eleventh Circuit remanded McCauley's case for a second resentencing because he was initially resentenced without the benefit of the intervening rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). All of

other one has been. *Id*. at 697 (A court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one."); *Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

A criminal defendant's right to effective assistance of counsel continues through direct appeal. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). Ineffective assistance of appellate counsel may be shown if the movant can "establish ... that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker.... Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Mayo v. Henderson*, 13 F.3d 528, 533 (2nd Cir. 1994).

### 2.  *Ineffective Assistance: Failure to Request New Trial*

McCauley contends that the attorney who represented him during the second resentencing proceedings rendered ineffective assistance of counsel by allowing him to be resentenced following remand by the Eleventh Circuit rather than requesting and obtaining a new trial. (Doc. No. 1 at 2-3 and 7-8; Doc. No. 10 at 1-5.)

As indicated above, the Eleventh Circuit remanded McCauley's case for a second resentencing because he was initially resentenced without the benefit of the intervening rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). All of

the sentences that the district court imposed for each count of conviction at the second resentencing were within the lowest applicable statutory range for each offense. *See* 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 924(c)(1). Thus, the new sentences satisfied the requirements of *Apprendi*, and no issues requiring additional findings by a jury were created by the sentences. Consequently, McCauley cannot show that he was entitled to a new trial following the Eleventh Circuit's remand. As such, he cannot show that his counsel was ineffective for failing to request and obtain a new trial. *See Strickland v. Washington*, 466 U.S. 668, 687-89 (1984) (to establish ineffective assistance, movant must show that counsel's performance was both professionally unreasonable and prejudicial to movant). McCauley is not entitled to any relief based on this claim of ineffective assistance.

### 3. *Ineffective Assistance: Failure to Argue Eighth Amendment Violation*

McCauley argues that his counsel during the second resentencing proceedings and the subsequent appeal rendered ineffective assistance by failing to argue that the district court's imposition of consecutive sentences pursuant to U.S.S.G. § 5G1.2(d) violated the Eighth Amendment prohibition against cruel and unusual punishment. (Doc. No. 1 at 2-3 and 8-13.) However, as noted above in this Recommendation, McCauley fails to demonstrate that the imposition of consecutive sentences in his case constituted an Eighth Amendment violation. Because McCauley does not establish the merits of his substantive claim in this regard, he

has failed to demonstrate that his counsel was ineffective for failing to raise such a claim.

### 4.     *Ineffective Assistance:  Failure to Raise* **Blakely** *Claim*

McCauley argues that his counsel on appeal from his second resentencing rendered ineffective assistance by failing to argue that his sentence violated his Sixth Amendment rights as set forth in *Blakely v. Washington*, 542 U.S. 296 (2004).  (Doc. No. 1 at 2-8 and 12-15.)

As indicated above, McCauley's conviction was final before *Blakely* was decided. It is well settled that an attorney's failure to anticipate a change in the law does not constitute ineffective assistance of counsel.  *See, e.g., United States v. Ardley*, 273 F.3d 991, 992 (11th Cir. 2001); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); *Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991). This "rule applies even if the claim based on anticipated changes in the law was reasonably available at the time counsel failed to raise it."  *Ardley*, 273 F.3d at 993 (citing *Pitts*, 923 F.2d at 1572-74).

McCauley's counsel cannot be faulted for failing to anticipate the Supreme Court's decision in *Blakely*.  Nor can counsel be deemed ineffective for lacking the additional prescience to anticipate that the holding in *Blakely* would then lead to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 258-59 (2005), to remedy potential Sixth Amendment problems in application of the Federal Sentencing Guidelines by declaring the

guidelines advisory only – particularly because the *Blakely* opinion makes clear that it expresses no opinion on the continuing validity of the federal guidelines, *see Blakely*, 542 U.S. at 305 n.9.  Consequently, McCauley has not established that his counsel's failure to raise a *Blakely* claim on appeal from his second resentencing fell below an objective standard of reasonableness, and McCauley is entitled to no relief based on this claim.  *See Strickland*, *supra*, 466 U.S. at 688.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by McCauley be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before January 29, 2007.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See*

*Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

Done this 16th day of January, 2007.

                                         /s/Wallace Capel, Jr.
                                         WALLACE CAPEL, JR.
                                         UNITED STATES MAGISTRATE JUDGE